ATLANTIC COAST LINE RY. CO. v. WILLIAMS

(115 S. E., 318)

ADVERSE POSSESSION—DIRECTED VERDICT IMPROPER WHERE ISSUE OF FACT FOR JURY.—Where, in action to recover possession of real estate, in which defendant claimed by adverse possession, there was an issue of fact which could only be determined by the jury, in refusing motion for a directed verdict there was no error.

Before PRINCE, J., Hampton, October, 1921. Appeal dismissed.

Action by Atlantic Coast Line Railroad Company against H. McM. Williams. Judgment for defendant and the plaintiff appeals.

*Messrs. Rutledge, Hyde & Mann* and *J. W. Manuel,* for appellant, cite: *Ten years' possession prior to 1870:* 91 S. C., 464; Code Proc. 1912, Sec. 118; 37 S. C., 102; 213 Fed., 545. *Tenant cannot attack title of landlord:* 97 S. C., 331; 4 Strob., 196; 8 S. C., 453; 24 Cyc., 934; Bigelow, Estop., 547, 550, 586. *Title by adverse possession:* Code Proc. 1912, Secs. 128, 129; 1 McM., 357; 6 Rich., 63; 8 Rich., 42; 14 S. C., 189; 25 S. C., 252; 82 S. C., 358; 86 S. C., 216; 53 S. C., 216; 95 S. C. 347. *Verdict should have been directed:* 91 S. C., 455.

Mr. *Randolph Murdaugh,* for respondent, cites: *Plaintiff estopped:* 109 S. E., 285; 31 S. C., 153; 93 S. C., 397; 37 S. C., 333; 63 S. C., 266; 67 S. C., 548; 82 S. C., 24; 109 S. C., 444.

January 5, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY

This is an action to recover the possession of real estate described in the complaint, which alleges:

"*First.* That the Atlantic Coast Line Railroad Company is a corporation created by and duly organized under the laws of the State of Virginia.

"*Second.* That the Atlantic Coast Line Railroad Company is the owner in fee simple of a right of way 100 feet wide from the center of the track of the main line of the said Atlantic Coast Line Railroad Company on each side of the said main line, which runs from Charleston to Savannah through the Town of Yemassee in the State of South Carolina, and that the defendant is wrongfully in possession of portion of said right of way as follows:

" '(1) All that portion of said right of way upon which is a brick building built within the last few years, measuring and containing forty-two (42) feet in length by seven (7) feet in depth, bounded northwestwardly on the town.

" '(2) All that portion of said right of way occupied by the old store building formerly of the Yemassee Mercantile Company, measuring and containing sixty (60) feet, five (5) inches in length, by thirteen (13) feet in depth, more or less, being to the east of the portion last described.

" '(3) All that portion of said right of way to the east of the lot last described, measuring and containing twenty-five (25) feet, five (5) inches, by five (5) feet in depth be the said dimensions more or less'—and wrongfully withholds the said premises from these plaintiffs.

"Wherefore, the plaintiff demands judgment: (1) for the possession of said premises; and (2) for $200.00, the

plaintiff's damages by the withholding of the same, together with their costs."

The answer of the defendant is as follows:

"That he denies each and every allegation contained in the said complaint and demands strict proof thereof.

"Further answering the said complaint, this defendant alleges:

"That he is the owner in fee and in possession of all that certain piece, parcel or lot of land, situate, lying and being in the Town of Yemassee, in the County of Hampton, State aforesaid, containing one-fourth of an acre, more or less, excepting therefrom that lot sold by W. D. Sanders to the Town of Yemassee in 1912, he being at that time the owner thereof, and bounded north by lands now or formerly of the estate of John White Gregorie, east by right of way of the Atlantic Coast Line Railroad Company, south by the lot of Town of Yemassee, and west and southwest by lands now or formerly of the estate of John White Gregorie; and that there have been store buildings and other buildings continuously, for more than 40 years, on that portion of said lot now claimed by plaintiff and that said buildings and improvements on that portion of said lot claimed by plaintiff are upon the lot of land owned in fee by this defendant and of which he is now in possession; and that plaintiff herein has no right, title, or interest whatever in the said property or any part thereof."

The defendant also pleads the statute of limitations, and adverse possession for ten and for twenty years.

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed on a single exception, which is as follows:

"Because the presiding Judge erred in refusing to direct verdict in favor of the plaintiff, made upon the ground that the whole evidence showed, and the only inference from the testimony was, that the defendants, and their predecessors, were, and had been, in possession under a license or

contract limiting the possession to so much of the land in dispute, as was necessary for the erection of a porch to the building then upon the right of way when said license or contract was entered into, and the defendants were, therefore, entitled to no part of the land in dispute by adverse possession or prescription, having entered by permission under said license or contract."

The burden rested upon the plaintiff to prove the allegations of its complaint, one of which was that the defendant was wrongfully in possession of the portion of the right of way therein described.

The defendant introduced testimony tending to sustain the allegations of his answer to the complaint. This raised an issue of fact which could only be determined by the jury. Therefore, there was no error on the part of his Honor, the presiding Judge, in refusing the motion to direct a verdict in favor of the plaintiff.

Appeal dismissed.